**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Proof Products USA, LLC,<br><br>       Plaintiff,<br>v.<br><br>JGFJGF USA<br><br>       Defendant. | Case No.: 26-cv-00726<br><br>Judge:<br><br>Magistrate:<br><br>JURY DEMAND |

**COMPLAINT**

Proof Products USA,LLC ("Plaintiff") hereby files this Complaint for trademark infringement and related claims against Defendant Amazon store JGFJGF USA ("Defendant"), on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Plaintiff is a limited liability company formed under the laws of the State of Ohio with a principal place of business located at 3201 Alberta Street, Columbus, Ohio 43204.

2. Defendant is believed to be an individual or unincorporated business association who, upon information and belief, resides in foreign jurisdictions.

3. Defendant conducts its illegal operations through fully interactive commercial websites hosted on Amazon.com through the below listed store name and Amazon seller ID. The Defendant has infringed Plaintiff's rights by selling and offering for sale the infringing products listed in each of the infringing ASINs shown in the following table:

1

| Store Name | Seller ID | Infringing ASINs |
|---|---|---|
| JGFJGF USA | A1Q9BJI0NEP124 | B0G1LTPJF1<br>B0G1KYK8QK<br>B0G7G71B1B<br>B0G7GZ26G1<br>B0G1LMWZHR<br>B0G1K5D83F<br>B0GCSZHNFJ |

4. The Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products through the above ASINs that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. True and accurate copies of listings illustrating Defendant's Infringing Products are attached as Exhibit 2. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5. Through the operation of its Amazon store, Defendant is directly and personally contributing to, inducing and engaging in the sale of Infringing Products.

6. Upon information and belief, Defendant is knowingly and willfully manufacturing, importing, distributing, offering for sale, and selling Infringing Products.

7. Defendant intentionally conceals its identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendant's true identity and the exact interworking of Defendant's illegal counterfeiting and infringing operations. The identity of Defendant is presently unknown.

8. Defendant has created the Defendant Internet Stores, operates under one or more aliases, and is advertising, offering for sale and selling Infringing Products to unsuspecting consumers.

9. Upon information and belief, Defendant is located in China and markets Infringing Products and/or market its products under the registered trademark of Plaintiff.

## JURISDICTION AND VENUE

10. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

12. This Court has personal jurisdiction over Defendant in that it transacts business in the State of Illinois and in the Northern District of Illinois.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an entity or individual subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant directly targeted business activities towards consumers in the State of Illinois.

## BACKGROUND FACTS

14. Plaintiff is engaged in the business of manufacturing, distributing, and retailing wallets under the company name PROOF. Plaintiff utilizes a stylized logo in selling its wallets that appears as an infinity symbol:



Plaintiff uses the symbol alone on its products and as the letters "oo" in the name PROOF as shown below:



Plaintiff's logo is registered under U.S. Trademark Registration No. 7,621,969 ("Registered Trademark"). A true and accurate copy Applicant's registration is attached as Exhibit 1.

15. Defendant's sales of products that are identical to Plaintiff's product and utilize Plaintiff's Registered Trademark is in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

16. Plaintiff is the owner of all rights, title, and interest in and to the Registered Trademark. The registration is valid, subsisting, unrevoked, and uncancelled.

17. Plaintiff's brand, symbolized by the Registered Trademark, is a recognized trademark for Plaintiff's Products.

18. The Registered Trademark has been widely promoted, both in the United States and throughout the world. The whole of the consuming public associates Registered Trademark with Plaintiff, but also recognize that Plaintiff's Products sold in the United States originates exclusively with Plaintiff.

19. Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the Registered Trademark.

20. The Registered Trademark is a highly visible and distinctive worldwide symbol signifying the Plaintiff and, as a result, Plaintiff's Products bearing the Registered Trademark has generated millions of dollars in revenue for Plaintiff over the years. Plaintiff's Registered Trademark has become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

21. The Registered Trademark has never been assigned or licensed to any of the Defendant in this matter.

22. The Registered Trademark is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

23. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Registered Trademark.

24. Upon information and belief, at all times relevant hereto, Defendant in this action have had full knowledge of Plaintiff's ownership of the Registered Trademark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

25. Plaintiff has identified the Registered Trademark on the Infringing Products and felt the impact of the sale of the Infringing Products designed to resemble Plaintiff's official products utilizing the Registered Trademark.

26. Defendant's use of the Registered Trademark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27. Defendant has manufactured, imported, distributed, offered for sale, and sold Infringing Products using the Registered Trademark and continue to do so.

28. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Registered Trademark in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet. The Infringing Products are not genuine products sold by Plaintiff under the Registered Trademark. The Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Defendant offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois.

29. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Registered Trademark unless permanently enjoined.

30. Plaintiff utilizes marketing images of its products. Upon information and belief, Defendant has copied Plaintiff's product images in the marketing of its own products as illustrated below:

| Plaintiff's Original Image | Defendant's Copied Image |
|---|---|
|  |  |
| Plaintiff's Original Image | Defendant's Copied Image |
|  |  |

31. Defendant's marketing image includes Plaintiff's PROOF mark as shown below:



32. Defendant intentionally misleads consumers in the origin of its products. Although Defendant is located in China, Defendant leads consumers to believe that its products are from the United States because it calls its Amazon store JGFJGF USA. Use of the USA misleads consumers as to the geographic location of it and its products.

33. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT**
**(15 U.S.C. § 1114)**

34. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

35. The Plaintiff's Registered Trademark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Registered Trademark with the

Plaintiff as the source of the very highest quality products.

36. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Registered Trademark and the fact that Defendant's Infringing Products are sold using mark identical or confusingly similar to the Plaintiff's Registered Trademark, the Defendant has manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

37. Defendant's use of copies or approximations of the Plaintiff's Registered Trademark in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

38. The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

39. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

40. The Infringing Products sold and offered for sale by Defendant is of the same nature and

type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

41. By misappropriating and using the Plaintiff's Registered Trademark Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the source of such merchandise.

42. By using the word "USA" in its store name, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the geographic source of such merchandise.

43. Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

44. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Plaintiff's Registered Trademark, as well as its use of the word "USA," in connection with its goods in interstate commerce, constitutes a false designation of origin and unfair competition.

45. The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT THREE**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510)**

46. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

47. The Infringing Products sold and offered for sale by Defendant is of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use of the Registered Trademark is likely to cause confusion to the general purchasing public.

48. By misappropriating and using the Plaintiff's Registered Trademark, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the source of such merchandise.

49. By using the word "USA" in its store name, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the geographic source of such merchandise.

50. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

51. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendant's use of the Plaintiff's Registered Trademark, as well as the word "USA," in connection with its goods in interstate commerce, constitutes a false designation of origin and unfair competition.

52. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not

enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendant in favor of the Plaintiff on all counts as follows:

1. That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   (i) using the Plaintiff's Registered Trademark or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Registered Trademark in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

   (ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

   (iii) committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   (iv) further infringing the Plaintiff's Registered Trademark and damaging Plaintiff's goodwill;

   (v) competing unfairly with Plaintiff in any manner;

   (vi) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory

not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Registered Trademark or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii) using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Amazon stores, listings, or any other domain name that is being used to sell or is the means by which Defendant could continue to sell Infringing Products;

(viii) operating and/or hosting websites at the Amazon stores and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Registered Trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trademark;

(ix) registering any additional domain names that use or incorporate any of the Plaintiff's Registered Trademark; and,

(x) possessing any product bearing the Plaintiff's Registered Trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trademark. As part of compliance with this provision, we ask that Defendant or those who possess Defendant's infringing goods, segregate and destroy infringing goods.

2. That Defendant, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under

oath setting forth in detail the manner in which Defendant have complied with any and all injunctive relief ordered by this Court.

3. Entry of an order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendant engage in the sale of Infringing Products using the Plaintiff's Registered Trademark;

4. That Defendant account for and pay over to Plaintiff any and all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Registered Trademark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

5. That Plaintiff be awarded damages in the amount equal to Defendant's unjust enrichment;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: January 22, 2026                                              By:     /s/ Kevin Keener
Kevin J. Keener
DC # 6296898
Keener & Associates, P.C.
33 North Dearborn Street, Suite #1000
Chicago, IL 60602
(312) 945-8540
kevin.keener@keenerlegal.com